No. 2--05--0640                                      filed 4/19/06

_____

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

_____

| | | |
|---|---|---|
| In re MARRIAGE OF | ) | Appeal from the Circuit Court |
| MARIE JUNGKANS, | ) | of Du Page County. |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| and | ) | No. 90--D--1956 |
| | ) | |
| KEITH A. JUNGKANS, | ) | |
| | ) | |
| Respondent-Appellant | ) | |
| | ) | Honorable |
| (The State ex rel. the Department of) | | Jane Hird Mitton, |
| Public Aid, Intervenor-Appellee). | ) | Judge, Presiding. |

_____

_____

JUSTICE CALLUM delivered the opinion of the court:

Respondent, Keith A. Jungkans, appeals the trial court's order finding that he owed

$14,750 in overdue child support to petitioner, Marie Jungkans. He contends that equitable

estoppel should have prevented a finding of an arrearage, but that the trial court

erroneously concluded that it did not have the power to apply equitable estoppel. We

reverse and remand.

In 1992, the trial court dissolved the parties' marriage. The court awarded custody of

the parties' children, Dawn and Christina, to petitioner, and ordered respondent to pay $250

monthly for child support. In 1994, Dawn went to live with respondent and continued to live

with him until she was emancipated. Beginning in January 1995, respondent reduced his child-support payments to $125 monthly. Respondent believed that petitioner agreed to the reduction in child support. Petitioner denied agreeing to the arrangement, but acknowledged that she made no effort to collect the additional child support for nearly nine years. Neither party went to court to formalize these changes.

After petitioner started working for Du Page County, she learned for the first time that the Illinois Department of Public Aid (the Department) might help her collect the past-due child support. The Department did intervene on petitioner's behalf by filing a petition to declare a child support arrearage. Respondent answered that he did not owe child support because of the agreement that he would pay only $125 monthly, and he also raised the affirmative defense of equitable estoppel. Respondent also filed a petition to abate child support.

Following a hearing, the trial court found a child-support arrearage of $14,750. The trial court did not consider respondent's estoppel argument, stating:

"I do see where this is a hardship for Mr. Jungkans at this point, but frankly, the law does not really allow me to reach back into time and reverse the axis of the earth and, like superman, go backwards in time. I can't do it. The order is what it is. It was not modified. I can't now say that it would have been modified. And even if I could, I am without authority to modify it.

Certainly, circumstances changed in your lives, but, as it relates to court orders, they don't seek out families and automatically adjust themselves to the circumstances of those families. Accordingly, the way I see it, I'm without jurisdiction to modify the arrearages, and they are what they are."

The court reserved the issue of how the arrearage would be repaid and continued the hearing on respondent's petition to abate child support. The court subsequently denied the petition to abate child support and ordered respondent to repay the arrearage at the rate of $50 per month. Respondent timely appealed.

Respondent contends that the trial court erred in concluding that it lacked authority to retroactively modify the child-support arrearage. He acknowledges that private agreements to modify child support are unenforceable, but argues that, under the facts here, the court had the authority to find that petitioner was estopped from collecting the past-due support. We agree that, although the parties' agreement--if there was one--was unenforceable, the trial court had the power to apply equitable estoppel.

Equitable estoppel exists where a party, by his or her own statements or conduct, induces a second party to rely, to his or her detriment, on the statements or conduct of the first party. In re Marriage of Smith, 347 Ill. App. 3d 395, 399 (2004). The court's ruling that it had no authority to consider equitable estoppel raises a question of law that we review de novo. People v. Hari, 218 Ill. 2d 275, 291 (2006).

Initially, it is clear that any agreement between the parties to abate respondent's child-support obligation is unenforceable. However, this does not prevent application of equitable estoppel. Indeed, equitable estoppel can apply only in the absence of an enforceable agreement.

In Blisset v. Blisset, 123 Ill. 2d 161 (1988), the supreme court held that setting child support is a judicial function. Accordingly, private agreements to modify child support without court approval are unenforceable. Blisset, 123 Ill. 2d at 167-68. In that case, the parents had agreed that the father would stop paying child support in exchange for giving

up his right to visitation. The supreme court explained that such agreements are invalid because courts need to protect the children's best interests and, accordingly, cannot allow a parent to unilaterally bargain away the children's right to support. Blisset, 123 Ill. 2d at 168.

After holding that the agreement was void, the court went on to consider whether the wife was equitably estopped from recovering past-due child support. Noting that an assistant State's Attorney had told the husband in advance that such an agreement was invalid, the court found that the husband had "failed to establish" equitable estoppel. Because of the State's Attorney's advice, the husband could not reasonably rely on the wife's alleged agreement to forgo child support. Blisset, 123 Ill. 2d at 169.

In In re Marriage of Duerr, 250 Ill. App. 3d 232 (1993), the First District found that equitable estoppel applied. There, the mother originally had custody of the parties' two children. Later, with her consent, they went to live with their father, and he ceased paying child support. When the mother sought past-due support, the trial court found she was equitably estopped, and the appellate court affirmed. The court noted that "Illinois courts have tended to find that an informal change in custody preceding a cessation of child support payments lends credibility to" an assertion of equitable estoppel. Duerr, 250 Ill. App. 3d at 236 (citing cases).

Duerr observed that, in such cases, the children's right to support is not compromised because they are actually being supported by the spouse obligated to pay, and any payment to the noncustodial spouse results in a windfall. Duerr, 250 Ill. App. 3d at 237. On the facts before it, the court held that the trial court did not err in finding the mother equitably estopped from claiming past-due support. Duerr, 250 Ill. App. 3d at 237.

The present case is similar to Johnston v. Johnston, 196 Ill. App. 3d 101 (1990). There, the wife originally had custody of the parties' five children. One of the children later went to live with the husband, and the wife agreed that he no longer had to provide support for that child. As here, the trial court believed that Blisset had completely abolished equitable estoppel in cases of past-due child support. The appellate court, however, held that Blisset did not eliminate equitable estoppel as a defense in such situations, and that applying the doctrine was appropriate under the circumstances. Johnston, 196 Ill. App. 3d at 105. The court noted that the child was actually in the father's custody, the child's right to support was not infringed because his father actually supported him, the mother led the father to believe that he did not need to provide support for the child and, unlike in Blisset, the mother would be receiving a windfall for support that she never provided. Johnston, 196 Ill. App. 3d at 105-06.

Here, one of the parties' children went to live with respondent, the obligor spouse. Respondent then reduced his child-support payments in half, and petitioner accepted these payments for approximately nine years. Duerr and Johnston teach that equitable estoppel at least potentially applies in this situation.

We note that Blisset, while holding that private agreements modifying child support are not enforceable as such, never stated that equitable estoppel could never apply where a spouse seeks past-due support. The court held only that the father in that case had failed to establish it. Thus, Duerr and Johnston are not inconsistent with Blisset in finding equitable estoppel. Moreover, the holdings in those cases are consistent with the policy underlying the Blisset decision.

Blisset held that the children's interests are paramount, and a parent should not be able to bargain away his or her children's right to support. In cases such as this one, where the custody of one or more children changes, this concern is not implicated. The parent with whom the child resides actually supports the child, while, absent estoppel, the noncustodial parent receives a windfall. Duerr, 250 Ill. App. 3d at 237; Johnston, 196 Ill. App. 3d at 105-06. Further, because the custodial spouse has less money available to support the child, the noncustodial spouse's windfall comes at the child's expense. This is directly contrary to what Blisset envisioned.

The State argues that Duerr and Johnston are inconsistent with this court's decision in Smith, but Smith is distinguishable. Like Blisset, that case did not involve a change in custody and thus deemed estoppel inapplicable to a private agreement modifying child support. However, like Blisset, Smith implicitly recognized that estoppel could apply to such agreements, holding only that the trial court's finding was not against the manifest weight of the evidence. Smith, 347 Ill. App. 3d at 400-01. Thus, it is clear that estoppel potentially applies here, especially in light of the change in custody.

The trial court clearly had the power to find that petitioner was equitably estopped from collecting past-due child support. Thus, we remand the cause to that court so that it may make that determination. We express no opinion on the ultimate merits of respondent's estoppel claim.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded.

Reversed and remanded.

HUTCHINSON and BYRNE, JJ., concur.